Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 15-2441

UNITED STATES OF AMERICA,

Appellee,

v.

ALCINDY JEAN-BAPTISTE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Jon D. Levy, U.S. District Judge]

Before

Lynch, Selya, and Kayatta,
Circuit Judges.

Jeffrey W. Langholtz on brief for appellant.
Margaret D. McGaughey, Assistant United States Attorney, and
Thomas E. Delahanty II, United States Attorney, on brief for
appellee.

January 26, 2017

**LYNCH**, <u>Circuit Judge</u>.  Alcindy Jean-Baptiste pled guilty to two charges stemming from his participation in a conspiracy to distribute cocaine, heroin, and oxycodone in Maine.  After hearing evidence, the district court sentenced him to 78 months in prison on each count, to be served concurrently, and four years of supervised release.  The sentence was at the low end of the Guidelines Sentencing Range of 78 to 97 months.

Jean-Baptiste appeals from his sentence, making two arguments.  First, he argues that the district court clearly erred in its factual finding that the applicable drug quantity, under U.S.S.G. § 2D1.1, was 1614 kilograms of marijuana equivalent.  Second, he asks us to change our circuit law so as to require proof beyond a reasonable doubt for drug quantity determinations, rather than proof by a preponderance of the evidence.  The second argument is repeated in his pro se brief.  Both arguments fail.

The district court based its drug quantity findings on the testimony of Officer Joey Brown, a ten-year veteran of the Lewiston Police Department and the case agent for the Drug Enforcement Administration's investigation of the conspiracy in which Jean-Baptiste participated.  Officer Brown testified at the sentencing hearing to explain how wiretapped phone conversations showed that Jean-Baptiste, a Massachusetts-based supplier, had provided inventory on multiple occasions to a Maine-based conspiracy that was retailing illegal drugs.  In particular,

Officer Brown testified, without objection from Jean-Baptiste, as to the meaning of the drug argot used on the wiretapped calls. The district court found that Officer Brown was credible and that Jean-Baptiste's participation in two transactions in March 2014 sufficed to establish the drug quantity specified in the Presentence Investigation Report.[1]

Jean-Baptiste made no objection in the district court to either of the alleged errors he now identifies, so we subject his arguments to plain error review. Neither argument survives that demanding test. See United States v. Etienne, 772 F.3d 907, 913 (1st Cir. 2014) ("[U]nder plain error review, we have leeway to correct only the most egregious of unpreserved errors." (quoting United States v. Sánchez-Berríos, 424 F.3d 65, 73 (1st Cir. 2005))). Indeed, we find no error at all in the sentence imposed.

Jean-Baptiste's initial argument, made for the first time on appeal, amounts to a claim that the government failed to lay a sufficient foundation for Officer Brown's experience and ability to interpret drug jargon in the recordings. But the district court was entitled to consider Officer Brown's

---

[1] The district court based its drug quantity findings exclusively on Officer Brown's testimony and on the wiretap transcripts interpreted by Officer Brown at sentencing. The court disclaimed any reliance on testimony by certain co-conspirators who were cooperating with the government. So we reject Jean-Baptiste's cursory claim that the court erred by "fail[ing] to assess the credibility" of those co-conspirators.

interpretations of the conversations as lay opinion testimony, in light of Officer Brown's law enforcement experience and extensive personal involvement with the investigation. See United States v. Prange, 771 F.3d 17, 26 (1st Cir. 2014); Etienne, 772 F.3d at 917.

Jean-Baptiste's second argument -- that the district court ought to have used a reasonable doubt standard -- takes him no further. It is firmly settled that the standard of proof for judicial factfinding at sentencing is preponderance of the evidence, so long as the factfinding does not "increase the penalty for a crime beyond the prescribed statutory maximum." United States v. Platte, 577 F.3d 387, 391 (1st Cir. 2009); see also Alleyne v. United States, 133 S. Ct. 2151, 2163 (2013) ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."). The district court's drug quantity finding merely increased Jean-Baptiste's base offense level under the Guidelines, and his ultimate sentence of 78 months on each count was well below the applicable statutory maximums. See 21 U.S.C. § 841(b)(1)(B) (forty-year maximum); id. § 841(b)(1)(C) (twenty-year maximum). Neither Apprendi v. New Jersey, 530 U.S. 466 (2000), nor Alleyne is implicated by judicial factfinding that has no effect on the range of punishment authorized by statute. United States v. Doe, 741 F.3d 217, 234 (1st Cir. 2013).

Finally, there is no merit to Jean-Baptiste's pro se contention that "no actual evidence" supported the district court's drug quantity finding.  The court did not err by drawing reasonable inferences from the transcripts of the wiretapped conversations in evidence.  See United States v. McDonald, 804 F.3d 497, 502–04 (1st Cir. 2015).

We affirm Jean-Baptiste's sentence.